NO. 07-02-0389-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 4, 2003

_____

VINCE LEE SIMNACHER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF LAMB COUNTY;

NO. 13,563; HONORABLE DANNY BYERS, JUDGE

_____

Before JOHNSON, C.J., CAMPBELL, J., and BOYD, S.J.[1]

ON ABATEMENT AND REMAND

Appellant Vince Lee Simnacher was convicted of the offense of driving while intoxicated and, on June 25, 2002, sentence was imposed at 180 days confinement in the

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

Lamb County Jail and a fine of $1,000. Appellant timely perfected his appeal and the clerk's record was filed on October 3, 2002. The reporter's record was also filed on that date. However, nothing further has been done to perfect the appeal.

On March 20, 2003, by direction of the court, appellant and his attorney were notified that no appellate brief had been filed and no motion for extension of time within which to file the brief had been received by us. They were further notified that if a satisfactory response was not received by April 1, 2003, the appeal would be abated to the trial court pursuant to Texas Rule of Appellate Procedure 38.8.

By letter dated March 31, 2003, appellant's counsel notified this court that his client had decided to dismiss the appeal and as soon as counsel got the motion to dismiss back from his client, it would be forwarded to us. However, we have never received such a motion.

This state of the proceedings requires us to abate the appeal and remand the case to the County Court of Lamb County to conduct the hearings mandated by Texas Rule of Appellate Procedure 38.8. Upon remand, the judge of the trial court shall immediately cause proper notices to be given and conduct a hearing to determine:

1. If appellant still desires to pursue his appeal.

2. If appellant is indigent and the appointment of an attorney is necessary.

3. If it be determined that the appointment of an attorney is necessary, the name, address, and State Bar of Texas identification number of the attorney appointed.

4. If appellant is not indigent, whether he has failed to make the necessary arrangements for prosecuting his appeal, and if he has not done so, what orders are necessary to ensure those arrangements are made.

5. If any other orders are necessary to ensure the diligent and prompt pursuit of appellant's appeal.

In support of its determination, the trial court shall prepare and file written findings of fact and conclusions of law and cause them to be included in a supplemental clerk's record. The hearing proceedings shall be transcribed and included in a supplemental reporter's record. The supplemental records shall be submitted to this court not later than July 7, 2003.

It is so ordered.

Per Curiam

Do not publish.